■ WILLIAM MICALIZZI, Appellant, v LOUIS GOMES, Respondent. [614 NYS2d 155] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Fredman, J.), entered August 4, 1992, which granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction, and (2) as limited by its brief, from so much of an order of the same court entered October 22, 1992, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered August 4, 1992, is dismissed, as that order was superseded by the order entered October 22, 1992, made upon reargument; and it is further,

Ordered that the order entered October 22, 1992, is reversed insofar as appealed from, the order entered August 4, 1992, is

vacated, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and new determination on the motion in accordance herewith; and it is further,

Ordered that the appellant is awarded one bill of costs.

Where there is a sworn denial of service by the defendant, the process server's affidavit of service is rebutted and the plaintiff is required to establish personal jurisdiction over the defendant by a preponderance of the evidence at a hearing *(Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 139). In the present case, whether or not service upon a person of suitable age and discretion at the defendants' residence was properly accomplished pursuant to CPLR 308 (2) clearly turns upon issues of credibility, which should be determined only after a hearing *(see, Frankel v Schilling,* 149 AD2d 657, 659). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.