■ LONG ISLAND SAVINGS BANK, FSB, Respondent, v ROSE MELISO, Appellant, et al., Defendant. [645 NYS2d 519] —In an action to foreclose a mortgage, the defendant Rose Meliso appeals from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 1, 1994, which granted the plaintiff's motion for leave to enter a judgment of foreclosure and sale, and denied her application to vacate her default in answering, and (2) a judgment of foreclosure and sale of the same court, dated December 30, 1994, which directed the sale of the mortgaged premises.

Ordered that the matter is remitted to the Supreme Court, Suffolk County, to hear and report whether the appellant was properly served with the summons and complaint, and the appeal is held in abeyance in the interim. The Supreme Court, Suffolk County, is to file its report with all convenient speed.

On appeal, the defendant contends that the Supreme Court erred in failing to conduct a hearing to resolve her claim that she was never personally served with process in this action. We agree. As a general rule, where there is a sworn denial of service by the defendant, the process server's affidavit of service is rebutted, and the plaintiff is required to establish personal jurisdiction over the defendant by a preponderance of the evidence at a hearing *(see, Greenpoint Sav. Bank v Mione,* 213 AD2d 375; *Dime Sav. Bank v Steinman,* 206 AD2d 404; *Micalizzi v Gomes,* 204 AD2d 284). Moreover, the fact that the defendant had actual notice of the foreclosure action does not suffice to confer jurisdiction in the absence of the proper service of a summons and complaint *(see, Macchia v Russo,* 67 NY2d 592, 595; *Vega v City of New York,* 194 AD2d 537). Contrary to the plaintiff's assertion, we further note that this is not a case in which the defendant waived the defense of lack of personal jurisdiction by appearing in the action and defending it on its merits *(cf., Matter of Woicik v Town of E. Hampton,* 207 AD2d 356). Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.