■ Scott Gray et al., Appellants, v Michael Giannikios et al., Respondents, et al., Defendant. [935 NYS2d 112]—

The summons and complaint purportedly were served upon the defendants Michael Giannikios and Ekaterini Zoumberakis

(hereinafter together the respondents) by the "nail and mail" method pursuant to CPLR 308 (4). However, the record demonstrates that the service was deficient because the plaintiffs failed "to show the existence of even a factual question as to whether the process server exercised the due diligence necessary to be permitted to serve someone under CPLR 308 (4)" (*Leviton v Unger*, 56 AD3d 731, 732 [2008]; *see Schwarz v Margie*, 62 AD3d 780, 781 [2009]). Since the proof of due diligence was insufficient as a matter of law, the Supreme Court properly granted that branch of the respondents' motion which was to dismiss the complaint insofar as asserted against Giannikios (*see Leviton v Unger*, 56 AD3d at 732; *Estate of Waterman v Jones*, 46 AD3d 63, 66-67 [2007]; *County of Nassau v Yohannan*, 34 AD3d 620, 621 [2006]).

However, the Supreme Court erred in granting that branch of the motion which was to dismiss the complaint insofar as asserted against Zoumberakis. Zoumberakis purportedly was reserved pursuant to CPLR 308 (1). Where a defendant submits a sworn denial of receipt of process containing specific facts to rebut the statements in the process server's affidavit, the presumption of proper service is rebutted and an evidentiary hearing is required (*see Matter of Davis v Davis*, 84 AD3d 1080, 1081 [2011]; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825 [2011]; *Engel v Boymelgreen*, 80 AD3d 653, 654 [2011]). Here, whether personal delivery of the summons and complaint was made upon Zoumberakis pursuant to CPLR 308 (1) turns upon issues of credibility, which should be determined only after a hearing (*see Engel v Boymelgreen*, 80 AD3d at 654; *Micalizzi v Gomes*, 204 AD2d 284, 285 [1994]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing, at which the plaintiffs must establish, by a preponderance of the evidence, that personal jurisdiction was acquired over Zoumberakis, and for a new determination of that branch of the motion thereafter (*see Engel v Boymelgreen*, 80 AD3d at 655; *Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 590 [2009]; *Zion v Peters*, 50 AD3d 894, 895 [2008]).

The respondents' remaining contention is without merit (*see Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]). Mastro, A.P.J., Balkin, Chambers and Sgroi, JJ., concur.