OPINION OF THE COURT
Memorandum.
Ordered that the matter is remitted to the Civil Court to hear and report whether occupants Jeff’s Express, Inc., Jeff’s Express, LLC and Oswald Jeffers, also known as Jeffers Iswald, were properly served with the petition and notice of petition, and the appeal is held in abeyance in the interim. The Civil Court shall file its report with all convenient speed.
Petitioners commenced this summary proceeding pursuant to RPAPL 713 (3) and (7) in September 2010 after service of a 10-day notice to quit alleging, as relevant to this appeal, that Jeffs Express, Inc., Jeffs Express, LLC and Oswald Jeffers, also known as Jeffers Iswald (occupants), are squatters or licensees of the prior owners whose license had expired upon the prior owners’ demise. Occupants answered, asserting a defense of adverse possession, alleging that they had occupied the property to the exclusion of the entire world for more than 10 years without challenge; that they had maintained the property, incurring substantial repair expenses; and that they had paid the property taxes and assessments. Occupants also asserted, as a first “affirmative defense,” that the 10-day notice was not properly served and was, in any event, insufficient to terminate *96 their right to possess the property, and, as a second “affirmative defense,” that service of the notice of petition and petition was defective, and that the petition is defective because it does not allege the building’s multiple dwelling registration information and does not allege that petitioners are entitled to the property.
Petitioners moved to strike the affirmative defenses and for summary judgment, and occupants cross-moved to dismiss the petition insofar as asserted against them. By order entered February 2, 2011, the Civil Court granted petitioners’ motion and denied occupants’ cross motion, finding, as relevant here, that occupants had waived the service issue because their allegation regarding improper service was not included in an answer containing a sworn affidavit (citing Glorius v Siegel, 5 Misc 3d 1015[A], 2004 NY Slip Op 51378[U] [Civ Ct, NY County 2004]). Occupants’ appeal from the order is deemed to be from so much of the final judgment entered February 2, 2011, as awarded possession to petitioners as against occupants (see CPLR 5512 [a]).
Contrary to the Civil Court’s determination, occupants did not waive their defense of improper service of the petition and notice of petition. An answer in a summary proceeding need not be verified, even if the petition is verified (see RPAPL 743; Robbie-Harmm Props., Inc. v Seal Dynamics, Inc., NYLJ, Mar. 4, 1980 [App Term, 2d Dept, 9th & 10th Jud Dists]; Mendicino Green Apt. Corp. v Casimir, 32 Misc 3d 1220[A], 2011 NY Slip Op 51367[U] [Nassau Dist Ct 2011]). While a claim of lack of personal jurisdiction is waived where a defendant fails to raise the defense in the answer, and answers without having first moved to dismiss on this basis (CPLR 3211 [e]), or fails to move to dismiss within 60 days after serving an answer containing the defense of lack of personal jurisdiction (id.; see Reyes v Albertson, 62 AD3d 855 [2009]), here, the objection to service was raised in the answer and by cross motion within 60 days after the filing of the answer. Moreover, occupants’ sworn denial, in support of their cross motion, that the petition and notice of petition were properly served was sufficiently fact specific to warrant a traverse: Occupants averred, among other things, that no one named “Wayne Jeffers,” the person allegedly served, works at the premises and that Oswald Jeffers was out of town at the time of the alleged service. Thus, the court erred in failing to conduct a hearing to resolve occupants’ claim that they were not properly served (see e.g. Long Is. Sav. Bank v Meliso, 229 AD2d 478 [1996]).
Accordingly, the matter is remitted to the Civil Court to hear and report whether occupants Jeff’s Express, Inc., Jeff’s *97 Express, LLC and Oswald Jeffers, also known as Jeffers Iswald, were properly served with the petition and notice of petition, and the appeal is held in abeyance in the interim. The Civil Court shall file its report with all convenient speed.
Weston, J.E, Rios and Solomon, JJ., concur.