WACHOVIA BANK, NATIONAL ASSOCIATION, Respondent, v DANIEL GREENBERG, Appellant, et al., Defendants. [31 NYS3d 110]—

In an action to foreclose a mortgage, the defendant Daniel Greenberg appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered May 2, 2014, which denied his motion pursuant to CPLR 5015 (a) and 317 to vacate a judgment of foreclosure and sale of the same court entered September 18, 2013, upon his failure to appear or answer the complaint, and pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the defendant Daniel Greenberg was properly served with process pursuant to CPLR 308 (2), and a new determination thereafter of those branches of his motion which were pursuant to CPLR 5015 (a) and 317 to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted him.

In October 2005, the defendant Daniel Greenberg (hereinafter Greenberg) executed a note to borrow the sum of $700,000 from Fairmont Funding, Ltd. The note was secured by a mortgage on Greenberg's property located in Lawrence. Greenberg allegedly defaulted in making the monthly installment payment due on May 1, 2009, and each monthly installment due thereafter. Pursuant to an assignment, Mortgage Electronic Registration Systems, Inc., as nominee for Fairmont Funding, Ltd., assigned the mortgage to the plaintiff.

The plaintiff commenced this action to foreclose the mortgage against, among others, Greenberg. According to the affidavit of service, Greenberg was served at his home pursuant to CPLR 308 (2) by delivery of the summons and complaint to Myrna Maldonado, referred to as a co-occupant. Greenberg did not answer or timely move to dismiss the complaint, and the Supreme Court entered a judgment of foreclosure and sale on

September 18, 2013. Greenberg thereafter moved to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a) and 317, and to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a). The Supreme Court denied Greenberg's motion, and Greenberg appeals.

When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1) (see Roberts v Anka, 45 AD3d 752, 753 [2007]). The usual requirement that a party moving to vacate a default judgment must demonstrate the existence of a potentially meritorious defense to the action is inapplicable where the ground for vacatur is lack of jurisdiction over the person of the movant (see Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC, 106 AD3d 863 [2013]).

Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served (see Washington Mut. Bank v Holt, 71 AD3d 670 [2010]; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]). While bare and unsubstantiated denials are insufficient to rebut the presumption of service (see Community W. Bank, N.A. v Stephen, 127 AD3d 1008 [2015]; U.S. Bank N.A. v Hasan, 126 AD3d 683 [2015]; Bank of N.Y. v Espejo, 92 AD3d 707 [2012]), a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing (see Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630 [2012]; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824 [2011]).

Here, the Supreme Court erred in determining the motion without first conducting a hearing. Greenberg demonstrated his entitlement to a hearing on the issue of service through his affidavit, in which he denied that he knew anyone by the name of Myrna Maldonado and stated that no one by that name lived in or entered his home (see Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630 [2012]; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824 [2011]).

Accordingly, we must reverse the order and remit the matter to the Supreme Court, Nassau County, to conduct a hearing to determine whether service of process was properly effected on Greenberg, and for a new determination thereafter of Greenberg's motion pursuant to CPLR 5015 (a) and 317 to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him.

Greenberg's remaining contentions either need not be reached in light of our determination or are not properly before this Court. Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.