■ ROSEMARK CONTRACTORS, INC., Respondent, v LESLIE H. NESS et al., Appellants, et al., Defendant. [53 NYS3d 188]—

In an action, inter alia, to recover damages for breach of contract, the defendants Leslie H. Ness and Joyce Ness appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated November 19, 2015, as denied their motion pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against them for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendants Leslie H. Ness and Joyce Ness were served with copies of the summons and amended complaint pursuant to CPLR 308 (1), and thereafter, a new determination of their motion.

"A process server's affidavit of service ordinarily constitutes prima facie evidence of proper service" (*Deutsche Bank Natl: Trust Co. v Pestano*, 71 AD3d 1074, 1074 [2010]; *see FV-1, Inc. v Reid*, 138 AD3d 922, 923 [2016]; *Mortgage Elec. Registration Sys., Inc. v Losco*, 125 AD3d 733, 733 [2015]). Bare and unsubstantiated denials are insufficient to rebut the presumption of service (*see Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984, 985 [2016]; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825 [2011]). However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing (*see Wachovia Bank, N.A. v Greenberg*, 138 AD3d at 985; *FV-1, Inc. v Reid*, 138 AD3d at 923; *Deutsche Bank Natl. Trust Co. v DaCosta*, 97 AD3d 630, 631 [2012]). If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue (*see FV-1, Inc. v Reid*, 138 AD3d at 924; *Gray v Giannikios*, 90 AD3d 836, 837 [2011]).

Here, the affidavits of service of the plaintiff's process server established, prima facie, that the defendants Leslie H. Ness and Joyce Ness (hereinafter together the appellants) were properly served pursuant to CPLR 308 (1) with the summons and amended complaint. However, the appellants' affirmations submitted in support of their motion pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against them rebutted that presumption. In their affirmations, the appellants denied being served with the summons and amended complaint by the process server and averred that they were at a function at their synagogue, which started an hour before service was purportedly made and ended 1½ hours later. Further, they submitted an affirmation from their rabbi,

who also stated that the appellants were present at the synagogue during the time of the purported service and provided a copy of the invitation for the event.

Therefore, the Supreme Court should have directed a hearing to determine whether the appellants were properly served with process (*see American Home Mtge. Servicing, Inc. v Gbede*, 127 AD3d 1004, 1005 [2015]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the appellants were properly served with process pursuant to CPLR 308 (1), and thereafter, a new determination of the appellants' motion. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.