In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered November 4, 2015, which denied their motion pursuant to CPLR 5015 (a) (1) and (4) to vacate a judgment of foreclosure and sale of the same court dated June 30, 2014, entered upon their failure to appear or answer the complaint, to set aside the foreclosure sale of the subject property, and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and for failure to comply with RPAPL 1304 and 1306 or, in the alternative, for leave to serve a late answer.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff commenced this mortgage foreclosure action against the defendants, who did not answer the complaint or appear in the action. In October 2013, the Supreme Court granted the plaintiff’s unopposed motion for an order of reference. Thereafter, the court granted the plaintiff’s unopposed motion for leave to enter a judgment of foreclosure and sale.
 

 By order to show cause dated June 12, 2015, the defendants moved pursuant to CPLR 5015 (a) (1) and (4) to vacate the judgment of foreclosure and sale dated June 30, 2014, to set aside the foreclosure sale of the property, and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and for failure to comply with RPAPL 1304 and 1306 or, in the alternative, for leave to serve a late answer. The plaintiff opposed the motion, arguing that the defendants were properly served pursuant to CPLR 308 (2), and that they failed to proffer a reasonable excuse for their default or a meritorious defense to the action. In an order entered November 4, 2015, the Supreme Court denied the defendants’ motion. The defendants appeal.
 

 “Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), and seeks a discretionary vacatur pursuant to CPLR 5015 (a) (1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1)” (HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862-863 [2016] [internal quotation marks omitted]; see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047 [2015]; Roberts v Anka, 45 AD3d 752, 753 [2007]).
 

 Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174 [2015]; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897 [2013]). “ ‘[T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void’ ” (Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889 [2009], quoting McMullen v Arnone, 79 AD2d 496, 499 [1981]). Here, the process server’s affidavit of service established, prima facie, that the defendants were served with the summons and complaint pursuant to CPLR 308 (2). Contrary to the defendants’ contention, their submissions in support of the motion were insufficient to defeat the presumption of proper service. The defendants aver that they were never served with process, asserting that the affidavits of the process server were factually incorrect with respect to the description of the defendant Robert McAuliffe, Jr. However, the claimed discrepancies between his appearance and the description in the process server’s affidavits were minor and insufficiently substantiated to warrant a hearing (see US Bank N.A. v Cherubin, 141 AD3d 514, 516 [2016]; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723 [2016]; Citimortgage, Inc. v Baser, 137 AD3d 735, 736 [2016]; Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751, 751 [2010])- Accordingly, the Supreme Court properly denied that branch of the defendants’ motion which was pursuant to CPLR 5015 (a) (4).
 

 To the extent that the motion sought vacatur pursuant to CPLR 5015 (a) (1), the defendants were not entitled to such relief since they failed to set forth a reasonable excuse for their default, and it is unnecessary to consider whether they sufficiently demonstrated a potentially meritorious defense, including the plaintiff’s alleged failure to satisfy the requirements of RPAPL 1304 and 1306 (see Bank of Am., N.A. v Agarwal, 150 AD3d 651 [2017]).
 

 Hall, J.P, Cohen, Barros and Christopher, JJ., concur.