HSBC Bank USA, N.A. v Archibong (2018 NY Slip Op 00131)





HSBC Bank USA, N.A. v Archibong


2018 NY Slip Op 00131


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-08123
 (Index No. 25/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Archibong Archibong, et al., defendants, Delia Archibong, appellant.


Delia Archibong, Westbury, NY, appellant pro se.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Shawna C. MacLeod of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Delia Archibong appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered May 12, 2015, as denied that branch of her motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the defendant Delia Archibong was properly served with process pursuant to CPLR 308(2), and a new determination thereafter of that branch of her motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
"A process server's affidavit of service ordinarily constitutes prima facie evidence of proper service" (Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1115 [internal quotation marks omitted]; see Emigrant Bank v Ramasir, 145 AD3d 856, 857; U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155; FV-1, Inc. v Reid, 138 AD3d 922, 923). "Bare and unsubstantiated denials are insufficient to rebut the presumption of service" (Rosemark Contrs., Inc. v Ness, 149 AD3d at 1115; see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 825). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (Rosemark Contrs., Inc. v Ness, 149 AD3d at 1115; see Wachovia Bank, N.A. v Greenberg, 138 AD3d at 985; FV-1, Inc. v Reid, 138 AD3d at 923). "If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue" (Rosemark Contrs., Inc. v Ness, 149 AD3d at 1115; see FV-1, Inc. v Reid, 138 AD3d at 924).
Here, the Supreme Court erred in determining that branch of the motion of the defendant Delia Archibong (hereinafter the defendant) which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction without first conducting a hearing. The defendant demonstrated her entitlement to a hearing on the issue of service through her affidavit, in which she denied that she knew anyone by the name of Tom Jonel, the person allegedly served at her house, that no one by that name or with that physical description [*2]lived in her house, and that she was the only person at home when the summons and complaint were allegedly served (see Wachovia Bank, N.A. v Greenberg, 138 AD3d at 985; Wells Fargo Bank, N.A. v Christie, 83 AD3d at 825).
RIVERA, J.P., ROMAN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court