US Bank N.A. v Dedomenico (2018 NY Slip Op 04594)





US Bank N.A. v Dedomenico


2018 NY Slip Op 04594


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-01082
2016-01083
 (Index No. 7547/12)

[*1]US Bank National Association, etc., respondent,
v
Stephen Dedomenico, et al., appellants, et al., defendant.


Ronald D. Weiss, P.C., Melville, NY, for appellants.
Hogan Lovells US LLP, New York, NY (Ryan Sirianni, David Dunn, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Stephen Dedomenico and William Dedomenico appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 24, 2015, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered September 25, 2015. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied the cross motion of the defendants Stephen Dedomenico and William Dedomenico to vacate an order of reference entered October 14, 2014, upon their failure to appear in the action or answer the complaint, and to dismiss the complaint insofar as asserted against them, inter alia, for lack of personal jurisdiction and lack of standing or, in the alternative, for leave to serve a late answer. The order and judgment, upon the order, inter alia, granted the motion, denied the cross motion, confirmed the referee's report, and directed the sale of the subject property. 
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this mortgage foreclosure action against, among others, the defendants Stephen Dedomenico and William Dedomenico (hereinafter together the appellants). On October 14, 2014, the Supreme Court entered an order of reference, upon the appellants' failure to [*2]appear in the action or answer the complaint. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The appellants opposed the motion and cross-moved to vacate the order of reference entered upon their default and to dismiss the complaint insofar as asserted against them, inter alia, for lack of personal jurisdiction and lack of standing or, in the alternative, for leave to serve a late answer. In an order entered September 24, 2015, the court granted the plaintiff's motion and denied the appellants' cross motion. On September 25, 2015, the court entered an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the property.
We agree with the Supreme Court's granting of the plaintiff's motion to confirm the referee's report and for a default judgment of foreclosure and sale. "An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944 [internal quotation marks omitted]; see CPLR 3215[f]; Citimortgage, Inc. v Chow Ming Tung, 126 AD3d 841, 843; U.S. Bank, N.A. v Razon, 115 AD3d 739, 740). Here, the plaintiff satisfied these requirements (see U.S. Bank, N.A. v Razon, 115 AD3d at 740).
We also agree with the Supreme Court's determination to deny the appellants' cross motion. Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897). " [T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void'" (Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889, quoting McMullen v Arnone, 79 AD2d 496, 499). Here, however, the process server's affidavit of service established, prima facie, that the appellants were served with the summons and complaint pursuant to the delivery and mailing requirements set forth in CPLR 308(2). Contrary to the appellants' contention, their submissions in support of the cross motion were insufficient to defeat the presumption of proper service (see Kondaur Capital Corp. v McAuliffe, 156 AD3d 778; U.S. Bank N.A. v Telford, 153 AD3d 881, 881).
A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 2004, 3012[d]; 5015[a][1]; Chase Home Fin., LLC v Minott, 115 AD3d 634; Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784; Taddeo-Amendola v 970 Assets, LLC, 72 AD3d 677). Here, the appellants failed to demonstrate a reasonable excuse because the only excuse they proffered was lack of personal jurisdiction. Accordingly, they failed to demonstrate their entitlement to vacatur of the order of reference entered upon their default. Moreover, since the appellants failed to demonstrate a reasonable excuse for their default, it is unnecessary to consider whether they sufficiently demonstrated the existence of a potentially meritorious defense (see Citimortgage, Inc. v Stover, 124 AD3d 575; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648; U.S. Bank N.A. v Stewart, 97 AD3d 740), including alleged lack of standing (see BAC Home Loans Servicing, LP v Reardon, 132 AD3d 790, 791).
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court