Bank of America, N.A., Respondent,
against
Steve Loren, Appellant.





 Steve Loren, appellant pro se.
Rubin & Rothman, LLC (Eric S. Pillischer of counsel), for respondent.
Consolidated
 appeals from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered July 22, 2016, and an order of that court (Laurentina McKetney Butler, J.) entered September 9, 2016. The order entered July 22, 2016, insofar as appealed from, upon, in effect, renewal, adhered to the determination in a prior order of that court dated December 21, 2015 denying defendant's motion to dismiss the complaint for lack of personal jurisdiction. The order entered September 9, 2016 denied defendant's motion to compel discovery and granted plaintiff's cross motion for summary judgment.




ORDERED that the order entered July 22, 2016, insofar as appealed from, and the order entered September 9, 2016, are affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $19,606.06 for breach of a credit card agreement. The affidavit of service of process, insofar as relevant to this appeal, indicates that service was effectuated by delivery to a "Mr. Loren," a "RELATIVE of [defendant] STEVE LOREN, a person of suitable age and discretion" (see CPLR 308 [2]). The recipient was described therein as being a 50-year-old male, between 5 feet 9 inches and 6 feet in height, with brown hair, weighing approximately 161 to 200 pounds. Defendant's answer alleged that the court lacked personal jurisdiction over him on the ground that he had not been properly served.
Defendant moved to dismiss the complaint on the ground that he had been improperly served. By order dated December 21, 2015, the Civil Court (Sally E. Unger, J.) denied the motion on the ground that the moving papers were defective in that they did not include copies of [*2]the pleadings. Thereafter, defendant moved, in effect, for leave to renew the motion. In support of the motion, defendant argued that the affidavit of service did not establish that he had been personally served because he has blond hair, he weighs more than 200 pounds and he looks much younger than 50 years old. By order entered July 22, 2016, the Civil Court (Sally E. Unger, J.), among other things, upon renewal, adhered to its prior determination denying the motion.
Thereafter, defendant moved to compel plaintiff to comply with a discovery demand he had served, and plaintiff cross-moved for summary judgment. By order entered September 9, 2016, the Civil Court (Laurentina McKetney Butler, J.) denied defendant's motion and granted plaintiff's cross motion. Defendant's separate appeals from so much of the July 22, 2016 order as, upon renewal, adhered to the prior determination, and the September 9, 2016 order, have been consolidated.
"[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]). A sworn denial of service containing specific facts will generally be sufficient to rebut the presumption of proper service and necessitate a hearing (see Rosemark Contrs., Inc. v Ness, 149 AD3d 1115 [2017]). Defendant contends that the physical description of the individual upon whom service was effectuated did not match defendant's own physical characteristics. However, the process server asserted that defendant's relative, not defendant, had been served. It is therefore irrelevant that defendant's physical appearance did not match the appearance of the person served. Moreover, defendant never alleged that no one matching the description of his relative was at his home at the time service was made. Thus, defendant's sworn allegations were insufficient to rebut the presumption of proper service based upon the delivery of the summons and complaint upon a person of suitable age and discretion (see CPLR 308 [2]). Consequently, the order entered July 22, 2016, insofar as appealed from, is affirmed.
In view of the foregoing, the order entered September 9, 2016 properly denied defendant's motion to compel plaintiff to comply with his discovery demand, which sought production of certain documents relating to the service of the summons and complaint. Furthermore, since defendant's only argument on appeal as to why plaintiff's cross motion for summary judgment should have been denied is based on his claim that the discovery referred to above was not complete, we find no basis to disturb the court's award of summary judgment.
We note that, contrary to defendant's argument, he, as a self-represented litigant, "acquires no greater right than any other litigant" (Gounder v Communicar, Inc., 55 Misc 3d 146[A], 2017 NY Slip Op 50679[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the order entered July 22, 2016, insofar as appealed from, and the order entered September 9, 2016, are affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019