Caliber Home Loans, Inc. v Silber (2019 NY Slip Op 04907)





Caliber Home Loans, Inc. v Silber


2019 NY Slip Op 04907


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-01291
 (Index No. 3469/14)

[*1]Caliber Home Loans, Inc., respondent, 
v
David W. Silber, appellant, et al., defendants.


Lynch & Associates, New York, NY (Elliot L. Evans, H. Michael Lynch, and Grace Y. Lee of counsel), for appellant.
McCabe, Weisberg and Conway, LLC, New Rochelle, NY (Allison J. Sanders of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant David W. Silber appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 24, 2016. The order, without a hearing, denied his motion, inter alia, pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court entered December 8, 2015, upon his default in appearing or answering the complaint, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether the defendant David W. Silber was properly served with copies of the summons and complaint pursuant to CPLR 308(1), and for a new determination thereafter of his motion to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
In 2014, the plaintiff commenced this action to foreclose a mortgage against the defendants Patricia A. Four-Silber (hereinafter Patricia) and David W. Silber (hereinafter David; and hereinafter together with Patricia, the defendants), among others. Patricia is David's co-guardian and wife. The defendants neither appeared nor answered the complaint. A judgment of foreclosure and sale was entered on December 8, 2015.
By order to show cause dated February 26, 2016, Patricia moved, on behalf of David, inter alia, pursuant to CPLR 3211(a)(4) and (8) to vacate the judgment of foreclosure and sale insofar as entered against David, upon his default, and to dismiss the complaint insofar as asserted against him, and/or for a hearing to determine the validity of the plaintiff's alleged service on David. In the order appealed from, the Supreme Court denied the motion without a hearing.
"A process server's affidavit of service gives rise to a presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; see Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625; Citibank, N.A. v Balsamo, 144 AD3d 964). "Bare and unsubstantiated denials are insufficient to rebut the presumption of service" (Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d at 625 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663; Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116). However, "[w]here a defendant submits a sworn denial of receipt of process containing specific facts [*2]to rebut the statements in the process server's affidavit, the presumption of proper service is rebutted and an evidentiary hearing is required" (Gray v Giannikios, 90 AD3d 836, 837; see HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663; Rosemark Contrs., Inc. v Ness, 149 AD3d at 1116; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985).
Here, an affidavit of service, in which the process server attested to having served David with copies of the summons and complaint by personal delivery to him at his residence at the subject property in Williston Park on April 16, 2014, at 8:08 p.m., constituted prima facie evidence of proper service on David (see U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015-1016; Scarano v Scarano, 63 AD3d 716). However, in support of the motion, David submitted an affidavit of Patricia, who attested that David suffered a brain aneurysm in April 2008 and had resided in a nursing home in Glen Cove since July 2008 and, thus, could not have been personally served at the residence on April 16, 2014. These facts were supported by documents submitted with the affidavit, including minutes of a guardianship proceeding dated June 8, 2012, wherein the court noted that David resided in a nursing home in Glen Cove. Contrary to the Supreme Court's determination, this sworn denial of proper service contained specific facts, confirmed by documentary evidence, which rebutted the presumption of proper service and necessitated an evidentiary hearing (see HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663; Rosemark Contrs., Inc. v Ness, 149 AD3d at 1116; FV-1, Inc. v Reid, 138 AD3d at 922; Gray v Giannikios, 90 AD3d at 837). Thus, under the circumstances, the court should have conducted a hearing before determining the issue of whether proper service had been made on David.
Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether David was properly served with copies of the summons and complaint pursuant to CPLR 308(1), and for a new determination of his motion thereafter.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court