Wells Fargo Bank, N.A. v Starr (2019 NY Slip Op 08244)





Wells Fargo Bank, N.A. v Starr


2019 NY Slip Op 08244


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-09421
 (Index No. 23717/11)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Yvonne Starr, appellant, et al., defendants.


Yvonne Starr, West Islip, NY, appellant pro se.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Mark Golab, William Fowlkes, and Jordan J. Manfro of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yvonne Starr appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated March 27, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendant Yvonne Starr which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered November 19, 2015, upon her failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant Yvonne Starr was properly served with process pursuant to CPLR 308(2), and for a new determination thereafter of those branches of her motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
The plaintiff commenced this action against, among others, the defendant Yvonne Starr (hereinafter the defendant) to foreclose a mortgage on certain real property in West Islip. According to the affidavit of service, the defendant was served at her home pursuant to CPLR 308(2) by delivery of a copy of the summons and complaint to " Jane Doe' #1," referred to as a "co-occupant," and by mailing a second copy of the summons and complaint to the defendant's home. The defendant neither answered the complaint nor appeared in the action. Thereafter, the Supreme Court issued an order of reference and entered a judgment of foreclosure and sale.
The defendant subsequently moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her, on the ground that she was not properly served with the summons and complaint. In an order dated March 27, 2017, the Supreme Court, inter alia, denied those branches of the motion without conducting a hearing. The defendant appeals.
"Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985). " Bare and unsubstantiated denials are insufficient to rebut the presumption of service'" (HSBC Bank USA, N.A. [*2]v Archibong, 157 AD3d 662, 662-663, quoting Rosemark Constrs., Inc. v Ness, 149 AD3d 1115, 1116). " However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing'" (HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663, quoting Rosemark Constrs., Inc. v Ness, 149 AD3d at 1116; see Wachovia Bank, N.A. v Greenberg, 138 AD3d at 985). " If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue'" (HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663, quoting Rosemark Constrs., Inc. v Ness, 149 AD3d at 1116).
Here, we disagree with the determination of the Supreme Court to deny the subject branches of the defendant's motion without first conducting a hearing (see HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663; Wachovia Bank, N.A. v Greenberg, 138 AD3d at 985; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 825). The defendant demonstrated her entitlement to a hearing on the issue of service through her affidavit, in which she provided specific facts sufficient to rebut the presumption of proper service (see HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663; Wachovia Bank, N.A. v Greenberg, 138 AD3d at 985; Wells Fargo Bank, N.A. v Christie, 83 AD3d at 825). Thus, a hearing is required.
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308(2), and for a new determination thereafter of those branches of her motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court