U.S. Bank N.A. v Henry (2024 NY Slip Op 05555)

U.S. Bank N.A. v Henry

2024 NY Slip Op 05555

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2023-06554
2023-09892
 (Index No. 708000/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Natacha Henry, respondent, et al., defendants.

Akerman LLP, New York, NY (Jordan M. Smith and Chadwick Devlin of counsel), for appellant.
The Sharova Law Firm, Brooklyn, NY (Thomas J. Tyrrell, Jr., of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), entered March 24, 2023, and (2) an order of the same court entered October 3, 2023. The order entered March 24, 2023, granted the motion of the defendant Natacha Henry, in effect, pursuant to CPLR 5015(a) to vacate, among other things, an order and judgment of foreclosure and sale (one paper) of the same court entered March 30, 2022, insofar as entered against her upon her failure to appear or answer the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The order entered October 3, 2023, denied the plaintiff's motion for leave to reargue its opposition to the motion of the defendant Natacha Henry, in effect, pursuant to CPLR 5015(a) to vacate, inter alia, the order and judgment of foreclosure and sale entered March 30, 2022, insofar as entered against her and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon that defendant, or, in the alternative, pursuant to CPLR 306-b to extend the time to serve that defendant with the summons and complaint.
ORDERED that the appeal from so much of the order entered October 3, 2023, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered March 24, 2023, is reversed, on the law, so much of the order entered October 3, 2023, as denied those branches of the plaintiff's motion which were for a hearing to determine the validity of service of process upon the defendant Natacha Henry or, in the alternative, pursuant to CPLR 306-b to extend the time to the serve that defendant with the summons and complaint are vacated, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether that defendant was properly served with process, and for a new determination thereafter of that defendant's motion, in effect, pursuant to CPLR 5015(a) to vacate, inter alia, the order and judgment of foreclosure and sale entered March 30, 2022, insofar as entered against her and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and of that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve that defendant with the summons and complaint; and it is further,
ORDERED that the appeal from so much of the order entered October 3, 2023, as denied those branches of the plaintiff's motion which were for a hearing to determine the validity of service of process upon the defendant Natacha Henry or, in the alternative, pursuant to CPLR 306-b to extend the time to serve that defendant with the summons and complaint, is dismissed as academic in light of our determination on the appeal from the order entered March 24, 2023; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2014, the plaintiff commenced this action against, among others, the defendant Natacha Henry (hereinafter the defendant), inter alia, to foreclose a mortgage encumbering certain real property located in Queens. The defendant did not answer the complaint or make a pre-answer motion to dismiss the complaint. Following the plaintiff's motion, among other things, pursuant to CPLR 3215 for leave to enter a default judgment against the defendant, by order and judgment of foreclosure and sale entered March 30, 2022, the Supreme Court entered judgment in favor of the plaintiff and against, among others, the defendant.
In November 2022, the defendant moved, in effect, pursuant to CPLR 5015(a) to vacate, among other things, the order and judgment of foreclosure and sale insofar as entered against her and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order entered March 24, 2023, the Supreme Court granted the defendant's motion. Subsequently, the plaintiff moved for leave to reargue its opposition to the defendant's motion, or, in the alternative, for a hearing to determine the validity of service of process upon the defendant, or, in the alternative, pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint. In an order entered October 3, 2023, the court denied the plaintiff's motion. The plaintiff appeals from both orders.
The Supreme Court erred in granting the defendant's motion, in effect, pursuant to CPLR 5015(a) to vacate, inter alia, the order and judgment of foreclosure and sale insofar as entered against her and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction without first conducting a hearing. "A process server's affidavit . . . gives rise to [the] presumption of proper service" (Kowlessar v Darkwah, 172 AD3d 837, 839 [internal quotation marks omitted]; see 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d 640, 642). "'While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit'" (Castillo-Florez v Charlecius, 220 AD3d 1, 14, quoting Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985). "'If the presumption is rebutted, a hearing to determine the propriety of service of process is necessary'" (Kowlessar v Darkwah, 172 AD3d at 839, quoting Mizerek v Rosenfeld, 162 AD3d 1005, 1007 [internal quotation marks omitted]; see 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d at 642; Castillo-Florez v Charlecius, 220 AD3d at 14).
Here, the affidavit of the plaintiff's process server indicated that he served the defendant pursuant to CPLR 308(2) by delivery of the summons and complaint on a particular date and time to the defendant's sister at an address in New Jersey, followed by the required mailing to the defendant at the same address. The process server averred that the sister was "a person of suitable age and discretion" and that she had replied in the "affirmative" when asked if the New Jersey address was the defendant's "dwelling place/usual place of abode." This evidence constituted prima facie proof of proper service upon the defendant and, thus, gave rise to a presumption of proper service (see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1307; Kowlessar v Darkwah, 172 AD3d at 839). The defendant successfully rebutted the process server's affidavit by submitting in support of her motion, among other things, a sworn denial of service containing specific averments that she did not reside at the New Jersey address at the time service allegedly was made and that her actual place of residence at that time was in Pennsylvania (see Castillo-Florez v Charlecius, 220 AD3d at 14; Everbank v Kelly, 203 AD3d 138, 143). Contrary to the determination of the Supreme Court, the conflicting evidence about the location of the defendant's dwelling or usual place of abode at the time of service of process presented issues of credibility necessitating a hearing (see 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d at 643; Castillo-Florez v Charlecius, 220 AD3d at 14; Everbank v Kelly, 203 AD3d at 143; Kowlessar v Darkwah, 172 AD3d at 840).
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served with process and for a new determination thereafter of the defendant's motion, in effect, pursuant to CPLR 5015(a) to vacate, inter alia, the order and judgment of foreclosure and sale insofar as entered against her and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and of that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court