U.S. Bank N.A. v Warner 26, Inc. (2026 NY Slip Op 01393)

U.S. Bank N.A. v Warner 26, Inc.

2026 NY Slip Op 01393

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2024-01726
 (Index No. 611803/21)

[*1]U.S. Bank National Association, etc., respondent,
vWarner 26, Inc., et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Leopold & Associates, PLLC, Armonk, NY (Stephanie Rojas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Warner 26, Inc., and Neil Ramlagan appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered December 9, 2022. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 5015(a) and 317 to vacate an order and judgment of foreclosure and sale of the same court entered March 17, 2022, insofar as entered against them, upon their failure to appear or answer the complaint, and upon vacatur, for leave to interpose an answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2020, the defendant Warner 26, Inc. (hereinafter Warner), by its directors, the defendant Neil Ramlagan, as guarantor (hereinafter Ramlagan, and together with Warner, the defendants), and the defendant Shaida Pasha, as guarantor (hereinafter Pasha), executed a consolidated, amended, and restated promissory note in the principal sum of $928,154 (hereinafter the consolidated note) in favor of nonparty Coventus, LLC (hereinafter Coventus). The consolidated note was secured by a mortgage on certain real property located in Roslyn Heights, given on behalf of Warner by Ramlagan and Pasha in favor of Coventus (hereinafter the mortgage). Coventus subsequently assigned the mortgage to the plaintiff.
By summons and complaint dated September 14, 2021, alleging, inter alia, that Warner had defaulted under the terms of the consolidated note and the mortgage by failing to make its monthly payments due on March 1, 2021, and thereafter, the plaintiff commenced this action against Warner, Ramlagan, and Pasha, among others, to foreclose the mortgage. Warner, Ramlagan, and Pasha each failed to appear or answer the complaint.
In an order of judgment of foreclosure and sale entered Mach 17, 2022 (hereinafter the default judgment), the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against Warner, Ramlagan, and Pasha and for a judgment of foreclosure and sale, and directed the sale of the property.
Thereafter, Warner, Ramlagan, and Pasha moved, among other things, pursuant to CPLR 5015(a) and 317 to vacate the default judgment insofar as entered against them, and upon vacatur, for leave to interpose an answer. The Supreme Court granted the motion as to Pasha and denied the motion as to the defendants. The defendants appeal.
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." "Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Chachere v Poulos, 234 AD3d 920, 921, quoting Kondaur Capital Corp. v McAuliffe, 156 AD3d 778, 779).
"'Ordinarily, a process server's affidavit of service gives rise to a presumption of proper service'" (id., quoting U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d 657, 662; see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985). "'Bare and unsubstantiated denials of receipt of the summons and complaint are insufficient to rebut the presumption of service'" (id., quoting 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d 640, 642). "'However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing'" (id., quoting Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116). "'If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue'" (id., quoting Rosemark Contrs., Inc. v Ness, 149 AD3d at 1116).
Here, the process server's affidavits of service on the defendants constituted prima facie evidence of proper service, and as such, gave rise to a presumption of proper service (see id.). However, unlike Pasha, the defendants failed to submit affidavits or any other sworn statement providing facts sufficient to rebut the presumption of proper service. Accordingly, the Supreme Court properly denied vacatur of the default judgment pursuant to CPLR 5015(a)(4) insofar as entered against the defendants (see HSBC Bank USA, N.A. v Sanderson, 231 AD3d 1126, 1130; cf. Chachere v Poulos, 234 AD3d at 921).
"A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (HSBC Bank USA, N.A. v Sanderson, 231 AD3d at 1130; see Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d 835, 837).
Here, the defendants failed to establish a reasonable excuse for their default, as the only excuses proffered in Pasha's affidavit submitted in support of the motion were lack of personal jurisdiction over Ramlagan and that Warner had moved to an undisclosed location in 2019, after which Pasha and Ramlagan forgot to update Warner's address with the Secretary of State (see HSBC Bank USA, N.A. v Sanderson, 231 AD3d at 1130; Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d at 837). Since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they sufficiently demonstrated the existence of a potentially meritorious defense (see HSBC Bank USA, N.A. v Sanderson, 231 AD3d at 1130; Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d at 837).
The defendants, through their submissions, also failed to make the requisite showing that they lacked notice of the action in time to defend the action (see CPLR 317; 259 Milford, LLC v FV-1, Inc., 211 AD3d 658, 660; HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682).
Accordingly, the Supreme Court properly denied vacatur of the default judgment pursuant to CPLR 5015(a)(1) and 317 insofar as entered against the defendants and properly denied that branch of the defendants' motion which was for leave to interpose an answer (see HSBC Bank USA, N.A. v Sanderson, 231 AD3d at 1130).
The parties' remaining contentions need not be reached in light of the foregoing.
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court