Wilmington Trust, NA v Daddi (2022 NY Slip Op 02040)





Wilmington Trust, NA v Daddi


2022 NY Slip Op 02040


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2019-05078
2019-07700
 (Index No. 1694/16)

[*1]Wilmington Trust, NA, respondent,
v
Antonio Daddi, appellant, et al., defendants.


Michael S. Finkelstein, Garden City, NY, for appellant.
Druckman Law Group, PLLC, Westbury, NY (Maria Sideris and Christopher P. Kohn of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Antonio Daddi appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 27, 2018, and (2) an order of the same court entered May 15, 2019. The order entered August 27, 2018, insofar as appealed from, without a hearing, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court entered December 2, 2016, and to set aside the sale of the subject property, or, in the alternative, for a hearing to determine the validity of service of process upon that defendant. The order entered May 15, 2019, insofar as appealed from, denied those branches of that defendant's motion which were for leave to renew and reargue those branches of his prior motion which were to vacate the judgment of foreclosure and sale and to set aside the sale of the subject property.
ORDERED that the order entered August 27, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order entered May 15, 2019, as denied that branch of the motion of the defendant Antonio Daddi which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered May 15, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2016, the plaintiff commenced this mortgage foreclosure action against the defendant Antonio Daddi (hereinafter the defendant), among others. In March 2016, the defendant purportedly was personally served with process pursuant to CPLR 308(1). After the defendant's time to appear or answer the complaint had expired, the plaintiff moved, inter alia, for a default judgment of foreclosure and sale, directing the sale of the subject property, and the Supreme Court granted the plaintiff's motion. A judgment of foreclosure and sale was entered on December 2, 2016, and the subject property was sold thereafter.
Subsequently, the defendant moved, among other things, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon the defendant. The Supreme Court denied the motion. The defendant then moved, inter alia, for leave to renew and reargue those branches of his prior motion, and the court denied the motion. The defendant appeals.
"A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997; see US Bank N.A. v Ramos, 153 AD3d 882, 884; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "'A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit'" (Bethpage Fed. Credit Union v Grant, 178 AD3d at 997-998, quoting Washington Mut. Bank v Huggins, 140 AD3d 858, 859). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (Washington Mut. Bank v Huggins, 140 AD3d at 859; see Machovec v Svoboda, 120 AD3d 772, 773-774).
Here, the affidavit of service reflects that the defendant was personally served with the summons and complaint at the subject property and sets forth in detail a physical description of the defendant. In his affidavit in support of his motion pursuant to CPLR 5015(a), the defendant attempted to rebut the presumption of proper service created by the affidavit of service by averring that he left a friend's house approximately 30 minutes prior to the alleged time of service, and that "[n]o process server was at [his] home on March 8, 2016, to serve [him] with court papers." Notably, the defendant completely failed to address the detailed physical description of him set forth in the affidavit of service. Based on the foregoing, we agree with the Supreme Court's finding that the "defendant's assertion that there was not proper service is conclusory, self-serving and not credible." Thus, the court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale.
The Supreme Court also providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the judgment of foreclosure and sale. The defendant failed to establish a reasonable excuse for his default, since the only excuse he proffered was that he was not properly served with process. Therefore, it is unnecessary to consider whether he had a potentially meritorious defense to the action (see Bethpage Fed. Credit Union v Grant, 178 AD3d at 999; HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 863-864).
A motion for leave to renew must "be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and must "contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Bank of N.Y. Mellon v Lewis, 200 AD3d 969). Here, the defendant failed to establish that the new evidence he offered in support of his motion for leave to renew would have changed the Supreme Court's prior determination (see Citibank, N.A. v Martinez, 197 AD3d 1086, 1087). Accordingly, the court properly denied that branch of the defendant's motion which was for leave to renew those branches of his prior motion which were to vacate the judgment of foreclosure and sale and to set aside the sale of the subject property.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court