Deutsche Bank Natl. Trust Co. v Simpson (2022 NY Slip Op 05310)

Deutsche Bank Natl. Trust Co. v Simpson

2022 NY Slip Op 05310

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2021-00356
 (Index No. 614499/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Michael Simpson, appellant, et al., defendants.

Brian McCaffrey Attorney at Law, P.C., Jamaica, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Todd Z. Marks of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Simpson appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated November 9, 2020. The order, insofar as appealed from, denied those branches of that defendant's motion which were (1) pursuant to CPLR 5015(a)(4) to vacate so much of an order of the same court dated May 10, 2019, as granted those branches of the plaintiff's unopposed motion which were for leave to enter a default judgment against him and for an order of reference, and an order and judgment of foreclosure and sale (one paper) of the same court entered October 1, 2019, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, in effect, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint, and (2) pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order dated November 9, 2020, is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant Michael Simpson which were pursuant to CPLR 5015(a)(4) to vacate so much of the order dated May 10, 2019, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against him and for an order of reference, and the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, in effect, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint; as so modified, the order dated November 9, 2020, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant Michael Simpson was properly served with process, and a new determination thereafter of those branches of his motion which were pursuant to CPLR 5015(a)(4) to vacate so much of the order dated May 10, 2019, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against him and for an order of reference, and the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, in effect, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint.
On September 15, 2016, the plaintiff commenced this action to foreclose a mortgage [*2]against, among others, the defendant Michael Simpson (hereinafter the defendant). The defendant failed to answer the complaint or otherwise appear in the action. In an order dated May 10, 2019, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order and judgment of foreclosure and sale entered October 1, 2019, the court, among other things, directed the sale of the subject property.
Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate so much of the order dated May 10, 2019, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against him and for an order of reference, and the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, in effect, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated November 9, 2020, the Supreme Court, among other things, denied those branches of the motion, and the defendant appeals.
"CPLR 5015(a)(4) provides for vacatur of a judgment or order upon the ground of 'lack of jurisdiction to render the judgment or order'" (Bank of N.Y. Mellon v Ziangos, 194 AD3d 778, 779, quoting CPLR 5015[a][4]). "CPLR 308(2) provides, in relevant part, that personal service upon a natural person may be made 'by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business'" (Deutsche Bank Natl. Trust Co. v Patisso, 193 AD3d 814, 816, quoting CPLR 308[2]; see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 944-945). "Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985; see PennyMac Corp. v Barbosa, 189 AD3d 863, 865; Wells Fargo Bank, N.A. v Starr, 177 AD3d 815, 816). "'Bare and unsubstantiated denials are insufficient to rebut the presumption of service'" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663, quoting Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116; see Wells Fargo Bank, N.A. v Starr, 177 AD3d at 816). "'However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing'" (HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663, quoting Rosemark Contrs., Inc. v Ness, 149 AD3d at 1116; see Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 892). "'If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue'" (HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663, quoting Rosemark Contrs., Inc. v Ness, 149 AD3d at 1116; see Wells Fargo Bank, N.A. v Starr, 177 AD3d at 816-817).
Here, the process server's affidavit indicated that she served the defendant pursuant to CPLR 308(2) by delivery of the summons and complaint on a particular date and time to the defendant's son at the defendant's actual place of residence, followed by the required mailing to the defendant at the same residence. The process server averred that the son was "a person of suitable age and discretion." This constituted prima facie evidence of proper service, and as such, gave rise to a presumption of proper service (see Bank of N.Y. Mellon v Ziangos, 194 AD3d at 779; PennyMac Corp. v Barbosa, 189 AD3d at 865). However, the defendant demonstrated his entitlement to a hearing on the issue of service by submitting his affidavit, in which he provided specific facts sufficient to rebut the presumption of proper service (see Wells Fargo Bank, N.A. v Starr, 177 AD3d at 817; HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663; Wachovia Bank, N.A. v Greenberg, 138 AD3d at 985).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308(2), and for a new determination thereafter of those branches of his motion which were pursuant to CPLR 5015(a)(4) to vacate so much of the order dated May 10, 2019, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against him and for an order of [*3]reference, and the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, or, in the alternative, in effect, pursuant to CPLR 317 to vacate his default in appearing or answering the complaint.
That branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned was untimely, as it was made after entry of the order and judgment of foreclosure and sale (see Citimortgage, Inc. v Behrman, 189 AD3d 1159, 1161; Federal Natl. Mtge. Assn. v Castoldi, 187 AD3d 988, 989). Accordingly, the Supreme Court properly denied that branch of the motion.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court