Wells Fargo Bank, N.A. v Kowalski (2022 NY Slip Op 05887)

Wells Fargo Bank, N.A. v Kowalski

2022 NY Slip Op 05887

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2018-12839
 (Index No. 8543/16)

[*1]Wells Fargo Bank, N.A., respondent,
v
Arkadiusz Kowalski, et al., appellants, et al., defendant. Jeffrey Herzberg, P.C., Hauppauge, NY, for appellants.

Shapiro, DiCaro & Barak, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Arkadiusz Kowalski and Marta Kowalski appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered January 7, 2019. The order and judgment of foreclosure and sale, upon an order of the same court (Thomas A. Adams, J.) entered June 13, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Arkadiusz Kowalski and Marta Kowalski, to strike those defendants' answer, and for an order of reference, and denying those defendants' cross motion pursuant to CPLR 3124 to compel certain discovery, and upon an order of the same court also entered June 13, 2018, inter alia, granting the same relief to the plaintiff, denying the same relief to those defendants, and appointing a referee to compute the amount due to the plaintiff, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure of sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Arkadiusz Kowalski and Marta Kowalski, to strike those defendants' answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders entered June 13, 2018, are modified accordingly.
In 2016, the plaintiff commenced this action against, among others, the defendants Arkadiusz Kowalski and Marta Kowalski (hereinafter together the defendants) to foreclose a mortgage on property located in Levittown. The defendants interposed an answer in which they asserted, inter alia, the affirmative defense that the plaintiff failed to comply with RPAPL 1304. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted the defendants, to strike the defendants' answer, and for an order of reference, and the defendants cross-moved pursuant to CPLR 3124 to compel certain discovery. In an order entered June 13, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, and denied the defendants' cross motion. In a second order [*2]entered June 13, 2018, the court, inter alia, granted the same relief to the plaintiff, denied the same relief to the defendants, and appointed a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale entered January 7, 2019, the court, upon the orders, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, "'the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 658, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304. Although Crystal Jean McClelland, a vice president of loan documentation for the plaintiff, stated in her affidavit that the RPAPL 1304 notices were mailed by certified and regular first-class mail, and attached copies of those notices, the plaintiff failed to attach, as exhibits to the motion, any documents to prove that the mailing actually happened. The plaintiff failed to provide any documentation from the United States Post Office demonstrating that the notice was sent by registered or certified mail. Further, while McClelland attested that she was familiar with the business records maintained by the plaintiff, had personal knowledge of the operation of and the circumstances surrounding the preparation, maintenance, distribution, and retrieval of records in the plaintiff's record-keeping system, and had knowledge of how the plaintiff drafted, generated, triggered, sent, and stored letters in the servicing process, she did not present proof of a standard office mailing procedure by the plaintiff designed to ensure that items are properly addressed and mailed. Since the plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; U.S. Bank N.A. v Cope, 175 AD3d 527; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784; U.S. Bank N.A. v Henry, 157 AD3d 839, 841).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference.
The defendants' remaining contentions are without merit.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court