Aikens v Kouchnerova (2023 NY Slip Op 03218)

Aikens v Kouchnerova

2023 NY Slip Op 03218

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-05165
 (Index No. 8199/10)

[*1]Tijuan Aikens, respondent, 
v
Valentina Kouchnerova, et al., appellants.

Solomos & Storms, PLLC, Astoria, NY (Derrick Storms of counsel), for appellants.
Kirschenbaum & Phillips, P.C., Farmingdale, NY (James P. Scully of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 6, 2019. The order denied the defendants' motion, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate a judgment of the same court dated January 15, 2013, entered upon their failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendants were properly served with process, and for a new determination thereafter of the defendants' motion, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
On December 22, 2008, the plaintiff allegedly was injured when she slipped and fell at premises owed by the defendants. In April 2010, the plaintiff commenced this action to recover damages for personal injuries. The defendants failed to answer the complaint or otherwise appear in the action. In an order dated June 6, 2011, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment. Thereafter, an inquest was held on the issue of damages, and on January 15, 2013, a judgment was issued in favor of the plaintiff and against the defendants in the principal sum of $100,000.
The defendants subsequently moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. In an order dated August 6, 2019, the Supreme Court denied the motion. The defendants appeal.
"Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985; see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1307). Bare and unsubstantiated denials of receipt of the summons and complaint are insufficient to rebut the presumption of service (see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1307; HSBC Bank USA, N.A. v Archibong, [*2]157 AD3d 662, 663; Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing" (Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d at 631; see HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663). "If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue" (Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116; see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1307; HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663).
Here, the process servers' affidavits of service constituted prima facie evidence of valid service upon the defendants at the subject New York and Florida properties (see Deutsche Bank Natl. Trust Co. v Lubonty, 208 AD3d 142, 151; Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625). However, since the defendants' sworn denial of receipt of process at both properties contained specific facts to rebut the statements in the process servers' affidavits, the presumption of proper service was rebutted and an evidentiary hearing was required (see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1307; PennyMac Corp. v Barbosa, 189 AD3d 863). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the defendants were properly served with process at both the New York and Florida properties, and for a new determination thereafter of the defendants' motion, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
The parties' remaining contentions are not properly before this Court.
MILLER, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court