U.S Bank N.A. v 22-33 Brookhaven, Inc. (2023 NY Slip Op 04228)

U.S Bank N.A. v 22-33 Brookhaven, Inc.

2023 NY Slip Op 04228

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-12118
2019-12119
2020-06305
 (Index No. 713060/15)

[*1]U.S Bank National Association, etc., respondent,
v
22-33 Brookhaven, Inc., et al., appellants, et al., defendants.

Anthony J. LoPresti, Garden City, NY (Gail M. Blasie of counsel), for appellants.
Hinshaw & Culberston LLP, New York, NY (Kyle B. Stefancyk of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants 22-33 Brookhaven, Inc., Russell Carbone, Howard Sails, Daphne Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall appeal from (1) a decision of the Supreme Court, Queens County (Allen B. Weiss, J.), entered October 23, 2018, (2) an order of the same court entered September 3, 2019, and (3) an order of the same court entered July 27, 2020. The order entered September 3, 2019, insofar as appealed from, upon the decision, (1) denied the motion of the defendant Russell Carbone pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, (2) granted those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendants 22-23 Brookhaven, Inc., Russell Carbone, Howard Sails, Daphne Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall, to strike those defendants' answers and affirmative defenses, and for an order of reference, and (3) denied those branches of the cross-motion of the defendants Russell Carbone, Howard Sails, Daphne Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall which were to dismiss the complaint insofar as asserted against them. The order entered July 27, 2020, insofar as appealed from, upon reargument, adhered to the determination in the order entered September 3, 2019, denying the motion of the defendant Russell Carbone pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the appeal by the defendant 22-23 Brookhaven, Inc., from the order entered September 3, 2019, is dismissed; and it is further,
ORDERED that the appeal by the defendants Russell Carbone, Howard Sails, Daphne Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall from so much of the order entered September 3, 2019, as granted that branch of the plaintiff's cross-motion which [*2]was for summary judgment on the complaint insofar as asserted against the defendant 22-23 Brookhaven, Inc., and to strike that defendant's answer and affirmative defenses is dismissed; and it is further,
ORDERED that the appeal by the defendants Howard Sails, Daphne Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall from so much of the order entered September 3, 2019, as denied the motion of the defendant Russell Carbone pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is dismissed; and it is further,
ORDERED that the appeal by the defendants 22-23 Brookhaven, Inc., Howard Sails, Daphne Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall from the order entered July 27, 2020, is dismissed; and it is further,
ORDERED that the order entered September 3, 2019, is modified, on the law, (1) by deleting the provision thereof denying the motion of the defendant Russell Carbone pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and (2) by deleting the provision thereof granting those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendants Russell Carbone, Howard Sails, Daphne Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall, to strike those defendants' answers and affirmative defenses, other than the affirmative defense alleging lack of standing, and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's cross-motion; as so modified, the order entered September 3, 2019, is affirmed insofar as reviewed on the appeal by the defendants Russell Carbone, Howard Sails, Daphne Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the validity of service of process upon the defendant Russell Carbone and for a new determination thereafter of that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction; and it is further,
ORDERED that the appeal by the defendant Russell Carbone from the order entered July 27, 2020, is dismissed as academic in light of our determination of the appeal from the order entered September 3, 2019; and it is further,
ORDERED that one bill of costs is awarded to the defendants Russell Carbone, Howard Sails, Daphne Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall.
In December 2015, the plaintiff commenced this action to foreclose a mortgage encumbering real property located in Far Rockaway (hereinafter the subject property) against, among others, the defendants 22-23 Brookhaven, Inc., Russell Carbone, Howard Sails, and Daphne Brown. The defendants Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall were subsequently served with the summons and complaint as "John Doe" and "Jane Doe" tenants of the subject property. Carbone, Brown, and Sails, and Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall separately interposed answers in which they asserted the affirmative defenses of lack of personal jurisdiction, failure to comply with RPAPL 1303 and 1304, lack of standing, and failure to comply with a condition precedent set forth in the mortgage agreement requiring a notice of default, among others.
In or around March 2016, Carbone moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based on improper service. In response, the plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve Carbone with the summons and complaint. By order entered September 8, 2016, the Supreme Court denied Carbone's motion and granted the plaintiff's cross-motion. After being granted an extension of time to serve Carbone, the plaintiff filed affidavits of service in which its process server averred that Carbone was served with the summons and complaint at his home, "146 Beach 9th Street," at [*3]1:02 p.m. on October 19, 2017, by delivering a copy of the summons and complaint to "John Doe (refused name), Security, a person of suitable age and discretion," followed by the mailing of an additional copy of the summons and complaint to Carbone at the same address. On November 9, 2017, Carbone interposed a subsequent answer in which he asserted the affirmative defense of lack of personal jurisdiction.
Thereafter, by notice of motion dated January 3, 2018, Carbone again moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, this time challenging the service that took place on October 19, 2017 (hereinafter Carbone's 2018 motion). The plaintiff opposed Carbone's 2018 motion, and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against 22-23 Brookhaven, Inc., Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall (hereinafter collectively the defendants), to strike the defendants' answers and affirmative defenses, and for an order of reference. Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall opposed the plaintiff's cross-motion, and cross-moved, among other things, to dismiss the complaint insofar as asserted against them on the grounds that the plaintiff lacked standing and failed to comply with RPAPL 1303.
In an order entered September 3, 2019, upon a decision entered October 23, 2018, the Supreme Court, inter alia, denied Carbone's 2018 motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction as untimely, granted the plaintiff's cross-motion, among other things, for summary judgment on the complaint insofar as asserted against the defendants, and denied the cross-motion of Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall, inter alia, to dismiss the complaint insofar as asserted against them. Subsequently, Carbone moved for leave to reargue his 2018 motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order entered July 27, 2020, the court, among other things, granted leave to reargue and, upon reargument, adhered to the determination in the order entered September 3, 2019, denying that motion. The defendants appeal.
As an initial matter, the appeal by 22-23 Brookhaven, Inc., from the order entered September 3, 2019, must be dismissed. That defendant did not oppose the plaintiff's cross-motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, and no appeal lies from a portion of an order entered upon the default of the appealing party (see CPLR 5511). In addition, 22-23 Brookhaven, Inc., is not aggrieved by so much of the order entered September 3, 2019, as denied Carbone's 2018 motion and denied those branches of the cross-motion of Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall which were to dismiss the complaint insofar as asserted against them (see Mixon v TBV, Inc., 76 AD3d 144, 156-157). For the same reason, the appeal by Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall from so much of the order entered September 3, 2019, as denied Carbone's 2018 motion, and the appeal by Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall from so much of the order entered September 3, 2019, as granted that branch of the plaintiff's cross-motion which was for summary judgment on the complaint insofar as asserted against 22-23 Brookhaven, Inc., and to strike that defendant's answer and affirmative defenses must be dismissed (see id.). Finally, the appeal by 22-23 Brookhaven, Inc., Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall from so much of the order entered July 27, 2020, as, upon granting Carbone leave to reargue Carbone's 2018 motion, adhered to the determination in the order entered September 3, 2019, denying that motion, must be dismissed on the ground that those defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144).
The Supreme Court erred in denying, without a hearing, Carbone's 2018 motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. "The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185; see Nationstar Mtge., LLC v Esdelle, 186 AD3d 1384, 1386-1387). Ordinarily, a process server's affidavit of service gives rise to a presumption of proper service (see Deutsche Bank [*4]Natl. Trust Co. v Simpson, 208 AD3d 1305, 1307; U.S. Bank N.A. v Rauff, 205 AD3d 963, 964; Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1387). However, "a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1307). "If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue" (Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1307 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Archibong, 157 AD3d at 663).
Here, the process server's affidavits with respect to the service on Carbone that took place on October 19, 2017, constituted prima facie evidence of proper service, and as such, gave rise to a presumption of proper service (see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1307). However, Carbone demonstrated his entitlement to a hearing on the issue of service by submitting his affidavit, in which he provided specific facts sufficient to rebut the presumption of proper service (see id. at 1307-1308; Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1387; Wells Fargo Bank, N.A. v Starr, 177 AD3d 815, 817). In addition, contrary to the Supreme Court's determination, Carbone's 2018 motion was not untimely (see CPLR 3211[e]; Deutsche Bank Natl. Trust Co. v Jorgensen, 185 AD3d 784, 785). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether Carbone was properly served with process pursuant to CPLR 308(2), and for a new determination thereafter of Carbone's 2018 motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
The Supreme Court also erred in granting those branches of the plaintiff's cross- motion which were for summary judgment on the complaint insofar as asserted against Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall, to strike those defendants' answers and affirmative defenses, other than the affirmative defense alleging lack of standing, and for an order of reference. The plaintiff established, prima facie, that it had standing to commence this action by submitting in support of its motion a copy of the note, endorsed in blank, that was annexed to the certificate of merit filed with the summons and complaint at the time the action was commenced (see Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692; Bank of Am., N.A. v Lestrade, 189 AD3d 969, 970; Deutsche Bank Natl. Trust Co. v Auguste, 185 AD3d 657, 658; U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 532). Where, as here, the note is affixed to the complaint, "'it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date'" (U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452, quoting U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091). In opposition, Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall failed to raise a triable issue of fact. For the same reason, in support of their cross-motion, Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall failed to establish, prima facie, that the plaintiff did not have standing to commence this action. Accordingly, the court properly denied dismissal of the complaint insofar as asserted against Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall for lack of standing.
Nevertheless, the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1303 with respect to Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall. RPAPL 1303 requires that the party foreclosing a mortgage on residential property deliver, along with the summons and complaint, a notice titled "Notice to Tenants of Buildings in Foreclosure" to any tenant of the property by certified mail, if the identity of the tenant is known to the foreclosing party (see RPAPL 1303[1][b]; [4]; Merrill Lynch Credit Corp. v Nicholson, 210 AD3d 758). The statute mandates, among other things, that the notice be delivered with 10 days of service of the summons and complaint, be in bold, 14-point type, be printed on a colored paper that is other than the color of the summons and complaint, that the title of the notice be in bold, 20-point type, and include specific language (see RPAPL 1303[4], [5]). "Proper service of the notice required by RPAPL 1303 is a condition precedent to the commencement of a foreclosure action, and it is the plaintiff's burden to show compliance with that statute" (U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664).
Here, the plaintiff failed to meet its burden since it failed to submit a copy of the RPAPL 1303 notices allegedly served upon Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall. In addition, the process server's affidavits of service make no averments that the RPAPL 1303 notice served upon those defendants complied with the requirements of RPAPL 1303, other than that it was printed on colored paper (see US Bank N.A. v Bamba, 189 AD3d 1116, 1117; Flagstar Bank, FSB v Hart, 184 AD3d 626, 628).
Contrary to the contention of Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall, they were not entitled to dismissal of the complaint insofar as asserted against them based on the plaintiff's failure to comply with the notice requirements set forth in RPAPL 1303, as they failed to demonstrate, prima facie, that the plaintiff did not comply with RPAPL 1303 (see Bank of N.Y. Mellon v McCaffrey, 207 AD3d 614, 617; US Bank N.A. v Bamba, 189 AD3d at 1117).
The plaintiff also failed to demonstrate, prima facie, its strict compliance with RPAPL 1304 with respect to Sails and Brown, the borrowers, and the notice of default provisions of the mortgage. "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 131-132). Pursuant to RPAPL 1304(1), "at least 90 days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20). "'RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage'" (Federal Natl. Mtge. Assn. v Raja, 211 AD3d at 696 [internal quotation marks omitted]; see RPAPL 1304[1], [2]; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20). "'A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Federal Natl. Mtge. Assn. v Raja, 211 AD3d at 695, quoting U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759 [internal quotation marks omitted]; see Pennymac Corp. v Levy, 207 AD3d 735, 736; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21; Bank of Am., N.A. v Bittle, 168 AD3d 656, 658). "Moreover, in order to establish entitlement to summary judgment, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself" (U.S. Bank N.A. v Tiburcio, 197 AD3d 528, 530; see Wilmington Sav. Fund Socy., FSB v Stern, 187 AD3d 969, 970).
Here, in support of its motion, the plaintiff attempted to establish proof of the requisite mailings through submission of an affidavit from an employee of its loan servicer describing the servicer's standard mailing practices, and affirming that the RPAPL 1304 notices were mailed to Sails and Brown at the subject property by certified and first-class mail. The plaintiff also submitted the 1304 notices, as well as copies of envelopes addressed to Sails and Brown at the subject property bearing certified mail barcodes. However, the affiant did not state that he had personal knowledge of the purported mailings, and the documents that he relied upon to affirm that the mailings took place failed to establish that the RPAPL 1304 notices were actually mailed to Sails and Brown by both certified and first-class mail. Since the plaintiff "failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure," the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304 (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see Wells Fargo Bank, N.A. v Kowalski, 209 AD3d 925; Wilmington Sav. Fund Socy., FSB v Novis, 200 AD3d 739, 741-742). The plaintiff similarly failed to establish, prima facie, that it satisfied a condition precedent in the mortgage agreement by delivering a 30-day notice of default to Sails and Brown in accordance with the terms of the mortgage agreement (see U.S. Bank N.A. v Tiburcio, 197 AD3d at 530).
Since the plaintiff failed to establish, prima facie, that it complied with RPAPL 1303, 1304, and the 30-day notice of default provision of the mortgage agreement, the Supreme Court should have denied those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against Carbone, Sails, Brown, Barbara Blagrove, Clinton Blagrove, Dularie Ramlall, and Charram Ramlall, to strike those defendants' answers and affirmative defenses, other than the affirmative defense alleging lack of standing, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court