Chachere v Poulos (2025 NY Slip Op 00421)

Chachere v Poulos

2025 NY Slip Op 00421

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-07971
 (Index No. 721045/22)

[*1]Lawrence Chachere, respondent, 
v
Maria Poulos, appellant, et al., defendant.

Sgouras Law Firm, PLLC, Astoria, NY (Tommy Sgouras of counsel), for appellant.
Lawrence Chachere, New York, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent conveyance, the defendant Maria Poulos appeals from an order of the Supreme Court, Queens County (Sally E. Unger, J.), entered May 10, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) and 317 to vacate a judgment of the same court entered August 18, 2020, upon her failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant Maria Poulos was properly served with process, and for a new determination thereafter of those branches of that defendant's motion which were pursuant to CPLR 5015(a) and 317 to vacate the judgment, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
In June 2018, the plaintiff commenced this action, inter alia, to recover damages for fraudulent conveyance. The plaintiff subsequently moved, in effect, for leave to enter a default judgment against the defendant Maria Poulos (hereinafter the defendant) upon her failure to appear or answer the complaint. The Supreme Court granted the motion. A judgment was entered on August 18, 2020, in favor of the plaintiff and against the defendant. In March 2022, the defendant moved, among other things, pursuant to CPLR 5015(a) and 317 to vacate the judgment, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal
jurisdiction. In an order entered May 10, 2022, the court, inter alia, denied the defendant's motion without a hearing. The defendant appeals.
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." "Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Kondaur Capital Corp. v McAuliffe, 156 AD3d 778, 779 [internal quotation marks omitted]; see 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d 640, 642).
"Ordinarily, a process server's affidavit of service gives rise to a presumption of proper service" (U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d 657, 662; see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985). "Bare and unsubstantiated denials of receipt of the summons and complaint are insufficient to rebut the presumption of service" (115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d at 642; see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1307). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116; see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1307). "If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue" (Rosemark Contrs., Inc. v Ness, 149 AD3d at 1116; see 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d at 642; U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d at 662).
Here, the process server's affidavit of service on the defendant constituted prima facie evidence of proper service, and as such, gave rise to a presumption of proper service (see Matter of Rockman v Nassau County Sheriff's Dept., 224 AD3d 758; Wilmington Trust, NA v Daddi, 203 AD3d 1112, 1114). However, the defendant demonstrated her entitlement to a hearing on the issue of service by submitting an affidavit in which she provided specific facts sufficient to rebut the presumption of proper service (see U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d at 662; Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d at 1308).
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served with process, and for a new determination thereafter of those branches of the defendant's motion which were pursuant to CPLR 5015(a) and 317 to vacate the judgment, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
In light of our determination, we need not reach the defendant's remaining contentions.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court