Atlantica, LLC v Hunte
2026 NY Slip Op 02619
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Atlantica, LLC, respondent,
v
Cheryl Hunte, etc., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2022-07102, 2022-07103, (Index No. 622777/17)
Mark C. Dillon, J.P.
Paul Wooten
Carl J. Landicino
Donna-Marie E. Golia, JJ.

Christopher Thompson (New York Litigation Group, PLLC, Rochester, NY [Austin T. Shufelt], of counsel), for appellant.
Vallely Law, PLLC, Syosset, NY (Natalia Thomas of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cheryl Hunte appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 27, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also dated July 27, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and denied those branches of the cross-motion of the defendant Cheryl Hunte which were pursuant to CPLR 5015(a) to vacate an order of the same court dated January 18, 2019, granting the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference, and thereupon to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to the defendant Cheryl Hunte, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated July 27, 2022, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, so much of the order dated July 27, 2022, as granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and denied those branches of the cross-motion of the defendant Cheryl Hunte which were pursuant to CPLR 5015(a) to vacate the order dated January 18, 2019, and thereupon to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the validity of service of process upon the defendant Cheryl Hunte and for a new determination thereafter of those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and those branches of the cross-motion of the defendant Cheryl Hunte which were pursuant to CPLR 5015(a) to vacate the order dated January 18, 2019, and thereupon to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction; and it is further,
ORDERED that one bill of costs is awarded to the defendant Cheryl Hunte.
The appeal from the order dated July 27, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In November 2017, the plaintiff commenced this action against the defendant Cheryl Hunte (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Medford. The defendant failed to interpose an answer or otherwise timely appear in the action, and in an order dated January 18, 2019, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference.
In 2021, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated January 18, 2019, and thereupon to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order dated July 27, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied those branches of the defendant's cross-motion. In an order and judgment of foreclosure and sale dated July 27, 2022, the court, inter alia, granted the same relief to the plaintiff, denied the same relief to the defendant, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." "'Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)'" (Chachere v Poulos, 234 AD3d 920, 921, quoting Kondaur Capital Corp. v McAuliffe, 156 AD3d 778, 779; see 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d 640, 642).
"'Ordinarily, a process server's affidavit of service gives rise to a presumption of proper service'" (Chachere v Poulos, 234 AD3d at 921, quoting U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d 657, 662). "'Bare and unsubstantiated denials of receipt of the summons and complaint are insufficient to rebut the presumption of service'" (id., quoting 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d at 642). "'However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing'" (id., quoting Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116). "'If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue'" (id.; see 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d at 642).
Here, a process server's affidavit of service on the defendant constituted prima facie evidence of proper service and, as such, gave rise to a presumption of proper service (see Matter of Rockman v Nassau County Sheriff's Dept., 224 AD3d 758; Wilmington Trust, NA v Daddi, 203 AD3d 1112, 1114). However, the defendant demonstrated her entitlement to a hearing on the issue of service by submitting an affidavit with attached documentation, whereby she provided specific facts sufficient to rebut the presumption of proper service (see Chachere v Poulos, 234 AD3d at 921; U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d at 662).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing to determine the validity of service of process upon the defendant and for a new determination thereafter of those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and those branches of the defendant's cross-motion which were pursuant to CPLR 5015(a) to vacate the order dated January 18, 2019, and thereupon to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.

2022-07102 DECISION & ORDER ON MOTION
2022-07103
Atlantica, LLC, respondent, v Cheryl Hunte, etc.,
appellant, et al., defendants.
(Index No. 622777/17)

Appeals from an order and judgment (one paper) and an order of the Supreme Court, Suffolk County, both dated July 27, 2022. Motion by the respondent, inter alia, to dismiss the appeal from stated portions of the order. By decision and order on motion of this Court dated April 24, 2024, that branch of the motion which is to dismiss the appeal from stated portions of the order was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from stated portions of the order is denied as academic.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court